UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

_____

AARON JACOBY,

                                    Plaintiff,               9:26-CV-0161
                                                               (AMN/MJK)
              v.


C. WITTY-LEWIS,

                                    Defendant.

_____

APPEARANCES:

AARON JACOBY
Plaintiff, pro se
22-B-0060
Upstate Correctional Facility
P.O. Box 2001
Malone, NY 12953

ANNE M. NARDACCI
United States District Judge

## DECISION AND ORDER

### I.     INTRODUCTION

On February 2, 2026, pro se plaintiff Aaron Jacoby ("plaintiff") commenced this action by submitting a complaint pursuant to 42 U.S.C. § 1983 ("Section 1983"), with an application to proceed in forma pauperis ("IFP").  Dkt. No. 1 ("Compl."); Dkt. No. 2 ("IFP Application"). The complaint asserted claims related to plaintiff's confinement in the custody of the New York State Department of Corrections and Community Supervision ("DOCCS").  *See generally* Compl.

By Decision and Order filed on March 31, 2026 (the "March 2026 Order"), this Court granted plaintiff's IFP Application and reviewed the sufficiency of the complaint in accordance with 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A(b).  Dkt. No. 4.  On the basis of that review, the Court dismissed plaintiff's complaint for failure to state a claim.  *Id.*  In light of plaintiff's pro se status, the Court provided plaintiff with an opportunity to amend his complaint.  *Id*.

Presently before the Court is plaintiff's amended complaint.  Dkt. No. 7 ("Am Compl.").

## II.    SUFFICIENCY OF AMENDED COMPLAINT

### A.  Legal Standard

The legal standard governing the dismissal of a pleading for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A(b) was discussed at length in the March 2026 Order and will not be restated in this Decision and Order.  *See* Dkt. No. 4 at 2-4.

### B.  Summary of Amended Complaint

The factual allegations and the claims for relief asserted in the amended complaint are substantially the same as those in the complaint.  *Compare* Compl. *with* Am. Compl.

On November 28, 2025, plaintiff arrived at Upstate Correctional Facility ("Upstate C.F.") and "immediately" "put in sick calls" for "ongoing stomach pain, dizziness, weak[ness] and faint[ing]."  Am. Compl. at 5.  Plaintiff claims that defendant C. Witty-Lewis ("Witty-Lewis"), "a provider and physician's assistant," was "medically negligent."  *Id.*  Witty-Lewis was aware of plaintiff's "full medical history," had "overseen and reviewed" multiple abnormal tests and "vital reports" and failed to "follow up."  *Id*. at 4-5.  Witty-Lewis refused to send

2

plaintiff to a specialist, provided medication without informed consent, and prescribed medication that "has been known to make [plaintiff's] ailments worse." *Id.*

### C. Analysis

In the March 2026 Order, the Court dismissed plaintiff's Eighth Amendment claims against Witty-Lewis reasoning:

> Even assuming that plaintiff's medical condition satisfies the objective prong of the Eighth Amendment analysis, the complaint lacks facts suggesting that Witty-Lewis was deliberately indifferent to plaintiff's condition. Plaintiff has not provided any information related to when he requested medical treatment, how he requested treatment, to whom he directed his request, the frequency of his request, or the substance of his request. Moreover, the complaint does not contain any facts related to Witty-Lewis' response, if any, to plaintiff's request. Without any information concerning plaintiff's interactions or communication with Witty-Lewis, the Court cannot infer that Witty-Lewis was deliberately indifferent to plaintiff's serious medical needs.

Dkt. No. 4 at 7. The Court also declined to exercise supplemental jurisdiction over plaintiff's state law claims that were "parallel to plaintiff's federal claims for deliberate indifference" because the federal claims were dismissed. *Id*. at 7-8.

The Court has reviewed the amended complaint and finds that plaintiff has failed to remedy the pleading deficiencies identified in the March 2026 Order. Similar to the original complaint, the amended pleading lacks dates, times, or any facts related to when plaintiff saw or was treated by Witty-Lewis. With the amended complaint, plaintiff claims that Witty-Lewis prescribed the wrong medication, failed to follow up on "abnormal results," and refused to refer plaintiff to a specialist. However, "[i]t is well-established that mere disagreement over the proper treatment does not create a constitutional claim." *Chance v. Armstrong*, 143 F.3d 698, 703 (2d Cir. 1988). "So long as the treatment given is adequate, the fact that a prisoner might prefer a different treatment does not give rise to an Eighth Amendment violation." *Id*.;

3

*Jones v. Westchester County Dept. of Corrs. Med. Dep't*, 557 F.Supp.2d 408, 413 (S.D.N.Y. 2008) ("Prison officials are not obligated to provide inmates with whatever care the inmates desire. Rather, prison officials fulfill their obligations under the Eighth Amendment when the care provided is 'reasonable.' ").

Upon review, the Court finds that plaintiff has not alleged facts in the amended complaint which plausibly suggest that he is entitled to relief.  For the reasons set forth herein and in the March 2026 Order, this action is dismissed.  *See* 28 U.S.C. § 1915(e)(2)(B)(ii) and 28 U.S.C. § 1915A(b)(1).

Ordinarily, a court should not dismiss a complaint filed by a pro se litigant without granting leave to amend at least once "when a liberal reading of the complaint gives any indication that a valid claim might be stated."  *Branum v. Clark*, 927 F.2d 698, 704–05 (2d Cir.1991); see also Fed. R. Civ. P. 15(a) ("The court should freely give leave when justice so requires.").

An opportunity to amend is not required, however, where "the problem with [the plaintiff's] causes of action is substantive" such that "better pleading will not cure it."  *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000); s*ee also Cortec Indus. Inc. v. Sum Holding L.P.*, 949 F.2d 42, 48 (2d Cir.1991) ("Of course, where a plaintiff is unable to allege any fact sufficient to support its claim, a complaint should be dismissed with prejudice.").  Stated differently, "[w]here it appears that granting leave to amend is unlikely to be productive, . . . it is not an abuse of discretion to deny leave to amend."  *Ruffolo v. Oppenheimer & Co.,* 987 F.2d 129, 131 (2d Cir.1993); *accord, Brown v. Peters,* No. 95–CV–1641, 1997 WL 599355, at *1 (N.D.N.Y. Sept. 22, 1997).

In this instance, plaintiff has already been provided one opportunity to amend his complaint.  The deficiencies with his original complaint, identified by the court in the March 2026 Order, have not been cured with the amended complaint.  Accordingly, the Court finds that any further amendment would be futile.

**III.     CONCLUSION**

**WHEREFORE**, it is hereby

**ORDERED** that the amended complaint (Dkt. No. 7) is **DISMISSED without prejudice** in accordance with 28 U.S.C. § 1915(e)(2)(B)(ii) and 28 U.S.C. § 1915A(b)(1); and it is further

**ORDERED** that the Clerk shall enter judgment accordingly; and it is further

**ORDERED** that the Clerk shall serve a copy of this Decision and Order on plaintiff by in accordance with the Local Rules of Practice.

**IT IS SO ORDERED.**

Dated: <u>July 16, 2026</u>
        Albany, NY

Anne M. Nardacci
U.S. District Judge